David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Filed
SEP 12 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR
E-filing

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY SEAMAN, individually and on behalf of a class of similarly situated individuals,

Plaintiff,

v.

DIAGEO NORTH AMERICA, INC., a Connecticut corporation, DIAGEO-GUINESS USA INC., a/k/a DIAGEO - GUINNESS USA INC., a Delaware corporation,

Defendants.

) Case No.: CV12-04755 HRL
) CLASS ACTION COMPLAINT
) FOR DAMAGES AND
) INJUNCTIVE RELIEF
)
)
)
) DEMAND FOR JURY TRIAL
)
)
)
)
)
)
)
)
)
)

## CLASS ACTION COMPLAINT

Plaintiff Anthony Seaman brings this class action complaint against Defendants Diageo North America, Inc. and Diageo-Guiness USA Inc. a/k/a Diageo - Guinness USA Inc. (collectively, "Defendants" or "Diageo") to stop Defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by their conduct. This Court has jurisdiction over this

class action pursuant to 28 U.S.C. § 1332(d). Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE CASE

1. Wireless spam is a growing problem in the United States. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone." Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010) at http://pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx.

2. In one such effort to promote its alcoholic beverage products, Defendants Diageo, one of the nation's largest distributors of spirits, beer and wine, engaged in an especially pernicious form of solicitation: the transmission of unauthorized calls in the form of text messages to the cellular telephones of consumers throughout the nation.

3. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings suit under the Telephone

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
2

Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff is a domicile of Illinois.

7. Defendant Diageo North America, Inc. is a Connecticut corporation who at all relevant times maintained its headquarters and principal place of business in Connecticut. Defendant is a producer and distributor of alcoholic beverages throughout the United States, including this District.

8. Defendant Diageo-Guiness USA Inc. a/k/a Diageo - Guinness USA Inc. is a Delaware corporation who at all relevant times maintained its headquarters and principal place of business in Connecticut. Defendant is a producer and distributor of alcoholic beverages throughout the United States, including this District.

## JURISDICTION & VENUE

9. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

10. This Court has personal jurisdiction over Defendants because Defendants conduct operations and sales in California, Defendants are registered to conduct business in California, and the text message calls alleged herein originated nationwide from property located in California.

11. Venue is proper in this District under 28 U.S.C. § 1391(a) because Defendants reside in this District and because a substantial part of the events giving

1  rise to the claim occurred in this District, as Defendants' agent that transmitted the text
2  message calls at issue also resides in this District.

## INTRADISTRICT ASSIGNMENT

12. The conduct giving rise to this matter originated in San Jose, California. Under Local Rule 3-2(c), this civil action should be assigned to the San Jose division of the Northern District of California.

## COMMON ALLEGATIONS OF FACT

13. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

14. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

15. A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

16. Unlike more conventional solicitations, SMS calls, and particularly wireless spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur an usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

17. Over the course of an extended period beginning in at least 2008, Defendants directed the mass transmission of wireless spam to the cell phones of

consumers nationwide.

18. For instance, during the relevant period, Plaintiff's cell phone rang, indicating that a text call was being received.

19. The "from" field of such transmission was identified cryptically as "88500," which is an abbreviated telephone number known as an SMS short code licensed and operated by Defendants' agents. The body of such text message read:

> WELCOME TO GUINNESS RATE YOUR PINT
> MOBILE CONTEST. WIN A TRIP TO DUBLIN.
> PLEASE REPLY
> WITHYOUR DATE OF BIRTH IN MMDDYY
> FORMAT TO VALIDATE YOUR ENTRY.

20. Shortly after receiving the above message, Plaintiff replied "Stop," thereby confirming he did not provide any prior express consent to Defendants to send such text messages to his cellular telephone and rescinded any such prior consent should any have existed.

21. Despite having expressly informed Defendants to discontinue the transmission of text messages to his cellular telephone, Defendants sent yet another unsolicited text message to Plaintiff within the same day, which again originated from short code 88500 and read as follows:

> YOU HAVE LEFT MOBILECARD CAST PROGRAM
> NO CHARGE OR FURTHER CHARGES WILL APPLY.
> MORE INFO AT WWW.MOBILECARDCAST.COM
> STD RATES APPLY

22. At no time did Plaintiff consent to the receipt of such text message calls from Defendants.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class (the "Class") defined as follows: All persons in the United States and its Territories who received one or more unauthorized text message solicitations on behalf of Diageo.

24. The Class consists of thousands of individuals and other entities, making joinder impractical.

25. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

26. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

27. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

28. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct as a result of the transmission of the wireless spam.

29. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

(a) Does the wireless spam Defendants distributed violate 47 U.S.C. § 227?

(b) Are the Class members entitled to treble damages based on the willfulness of Defendants' conduct?

## FIRST CAUSE OF ACTION
### (Violation of 47 U.S.C. § 227: On behalf of the Class)

30. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31. Defendants made unsolicited commercial text calls, including the messages transcribed above, to the wireless telephone numbers of the Class. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants were able to effectively send text messages simultaneously to tens of thousands of wireless telephone numbers without human intervention.

32. These text calls were made *en masse* through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class.

33. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' illegal conduct, the members of the class suffered actual damages by, *inter alia*, having to pay their respective wireless carriers for the text messages where applicable and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such act.

34. Should the Court determine that Defendants had knowledge that Plaintiff and the other members of the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff Anthony Seaman, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;
2. An award of actual and statutory damages;
3. An injunction requiring Defendants to cease all wireless spam activities;
4. An award of reasonable attorneys' fees and costs; and
5. Such further and other relief the Court deems reasonable and just.

Dated: September 11, 2012

Respectfully submitted,

By: _____
David C. Parisi
Suzanne Havens Beckman
PARISI & HAVENS LLP
Attorneys for ANTHONY SEAMAN,
individually and on behalf of a class of
similarly situated individuals

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: September 11, 2012

Respectfully submitted,

By: _____
David C. Parisi
Suzanne Havens Beckman
PARISI & HAVENS LLP
Attorneys for ANTHONY SEAMAN,
individually and on behalf of a class of
similarly situated individuals